JOHN REILLY, as Executor, etc., of JACOB MICHEL, Deceased, and in his Own Right, Appellant, *v.* EMMA PORCHER, Respondent, Impleaded with ANDREW J. PROVOST and Others.

*Complaint by an executor against his co-executor, the executors' attorney and the testator's children — when it does not state a cause of action.*

The complaint in an action alleged that the plaintiff and another person were appointed executors of the will of a decedent whose estate consisted almost entirely of real property, which was sold by the executors under a power contained in the will for the sum of $7,000; that this amount was paid to the attorney for the executors, and that he retained in his hands a portion thereof; that on the accounting of the executors the surrogate refused to allow, as a proper disbursement by the executors, the amount retained by the attorney, and made a decree directing distribution of the estate; that the executors being unable to comply with the decree, one of the testator's children obtained an order adjudging the executors guilty of contempt unless they should make such distribution.

It further alleged that the children of the testator executed an agreement by which, in consideration of the plaintiff's defending an action which had been brought by the testator's widow against the executors and the children of the testator, they undertook to indemnify the plaintiff from all actions and proceedings then pending or thereafter to be brought by any persons against the said executors, concerning the property of the testator or the actions or doings of the executors; and that upon demand said parties jointly and severally undertook to pay to the plaintiff or his legal representatives any and all sums of money which he might be required to pay by reason of any and all such actions and proceedings and in the defense thereof. It also averred, upon information and belief, that the moneys retained by the attorney related to services rendered pursuant to such agreement.

The attorney and the plaintiff's co-executor and the surviving children of the testator were made parties, and the complaint demanded as relief that the attorney be required to account and pay over such portion of the moneys retained by him as was not justly due to him; that the executors be allowed to pay into court the amount actually received by them from the attorney; that the children of the testator account to the plaintiff for moneys for which they might be liable to the plaintiff under their agreement or otherwise, and that they be perpetually enjoined from attempting to enforce the decree of distribution.

The complaint did not show that the services mentioned in the agreement were in anywise connected with the real estate for whose proceeds the executors were required to account or that the defense of any action was undertaken on account of the agreement or any expenses incurred in connection therewith.

*Held,* that the complaint did not state a cause of action;

That if the surrogate had improperly disallowed the charge made by the attorney, the plaintiff's remedy was by an appeal from the decree;

That the agreement of indemnity executed by the children of the testator was not intended to indemnify the executors against an act of malfeasance on their part or on that of their attorney;

That the plaintiff's remedy against the attorney was, by a summary proceeding, to compel him to pay over the moneys retained by him, or by an action against him to recover the same.

APPEAL by the plaintiff, John Reilly, as executor, etc., of Jacob Michel, deceased, and in his own right, from an interlocutory judgment of the Supreme Court in favor of the defendant Emma Porcher, entered in the office of the clerk of the county of Queens on the 23d day of October, 1899, upon the decision of the court, after a trial at the Queens County Special Term, dismissing the complaint, on the ground that it does not state facts sufficient to constitute a cause of action against the defendant Emma Porcher, and sustaining her demurrer thereto.

The defendants in the action are the plaintiff's co-executor, the children of the testator, and the executors' attorney. The prayer for relief in the complaint is as follows:

"Wherefore plaintiff demands judgment that the defendant Andrew J. Provost account to said executors for the money so retained by him, and that this court determine whether any part of the amount of money so claimed by said defendant Provost to be due to him is justly so due, and if any part is so due, then how much; and if the whole amount so claimed and withheld by him shall be found to be in excess of the amount justly due to him, then that he pay the excess of the amount so withheld to the executors or into this Court, or to said three children of testator, with interest thereon from the date when he received the same from the purchaser of said real estate; that the executors be allowed to pay into this Court the money which was actually received by them from said defendant Provost; that the said defendants, children of testator, account to the plaintiff for all money for which they may be liable to plaintiff under their agreement or otherwise which may be allowed to defendant Provost by this Court; and that said defendants, children of the testator, and their attorneys, be perpetually enjoined from any and all proceedings in the Surrogate's Court for the enforcement of the decree thereof of April 21st, 1898; and for such other or further relief as may be just."

*Joseph K. Murray,* for the appellant.

*C. W. Laskey,* for the respondent.

HATCH, J.:

The present action has the merit of novelty, if it have no other. It seeks to invoke the aid of the equitable powers of this court to compel an attorney to pay over moneys which he has received for the executors of an estate, and to perpetually enjoin the enforcement of a decree of the Surrogate's Court of the county of Queens, which directs the payment over of the moneys of the estate with which the executors are properly chargeable, to the persons entitled thereto. It further asks for the construction of a certain agreement of indemnity executed by those entitled to distributive shares in the estate, and for an accounting between all the parties in interest and a determination of the respective rights and liabilities of all.

The facts averred in the complaint out of which it is claimed the right to equitable relief arises, are, in brief, these : That the plaintiff and the defendant Charles Michel were appointed executors of the will of Jacob Michel, deceased, which will, in July, 1875, was duly proved and admitted to probate by the surrogate of the county of Queens ; that the estate of the testator consisted almost entirely of a certain piece of real property which was sold by the executors, under a power contained in the will, for the sum of $7,000 ; that this sum was paid to Andrew J. Provost, an attorney for the executors, and that he retains in his hands out of such fund $1,899.50, which, upon demand, he refuses to pay over ; that thereafter an accounting was had by the executors in the Surrogate's Court of the county of Queens, and that said sum so retained by said attorney, which was charged in the account as an item of expense properly incurred by the executors, was disallowed by the surrogate, and the executors were charged therewith ; that the accounts of the executors were settled and a decree entered directing distribution to the persons in interest ; that the executors did not have sufficient moneys of the estate in their hands to comply with the decree, but that they offered to pay over all of the moneys received by them, less the sum retained by the attorney ; that compliance not being made with said decree according to its terms, an order was obtained by the defendant Porcher, one of the distributees named in the decree, for the executors to show cause why they should not comply with such decree or be punished for contempt. This application resulted in an order of the surrogate directing that compliance be made with such decree within thirty days, and, in default thereof, that the executors be adjudged guilty of contempt and precept issue committing them to the county jail until they should make such payment. The complaint further avers that, prior to the 19th day of February, 1891, the defendant Porcher, Charles Michel, Edward Michel and Margaret Michel, children of the testator, executed an agreement of indemnity to the plaintiff, which recited that Mary Connors, the widow of the testator, had brought an action in the Supreme Court, against said executors and against the persons named individually, which action the plaintiff was requested to defend ; and that in consideration of his defending such action the said parties jointly and severally undertook and agreed to indemnify

and save harmless the plaintiff of and from all actions and proceedings then pending or thereafter to be brought by such persons or either of them, or by any other person or persons against the said executors concerning the property of the testator or concerning the actions and doings of the executors; and that upon demand said parties jointly and severally undertook to pay unto the plaintiff or his legal representatives any and all sums of money he might be required to pay by reason of any and all such actions and proceedings and in the defense thereof. Upon information and belief the complaint averred that the retention by the said attorney of the moneys which came to his hands relates to services rendered pursuant to such agreement.

These are the material allegations of the complaint; and it is evident to our minds that it fails to state facts constituting a cause of action.

If the services performed by the attorney Provost were rendered in and about the estate of the testator, then the reasonable amount and value of such service constituted the same a proper charge against the estate. (*St. John* v. *McKee*, 2 Dem. 236; 2 Wms. Exrs. 194, 195.) If upon the accounting before the surrogate it had appeared that the service had been rendered in connection with the estate, the decree should have made allowance to the executors for the same, and if the surrogate improperly refused to allow the item, then the remedy afforded to the plaintiff was by appeal from such decree; this court would not lend the aid of its equitable powers, even though it possessed the right, by countenancing an action where the remedy afforded by appeal is ample and complete. There is, therefore, nothing stated in the complaint, independent of the agreement, which affords any basis whatever for the maintenance of this action.

Nor is the plaintiff aided by the terms of such agreement. The complaint is that the money was the proceeds of the sale of real estate. The executors were bound to receive such sum; and if they permitted the attorney to receive it, they became chargeable with and liable for his acts, and they cannot be heard to shelter themselves behind the attorney's dereliction. The agreement itself does not assume to hold harmless either executor for an act of malfeasance upon his part, and they having no defense and not being pro-

tected by the terms of the agreement for any act of misappropriation of the funds of the estate which they might personally make, so they may not invoke for their protection the act of an attorney selected by them in misappropriating the funds for which they must account to the estate. The complaint is destitute of any averment showing that the services contemplated in the agreement were services in anywise rendered in connection with the real estate for whose proceeds the executors have been required to account. Nor is it averred that the defense of any action was undertaken by the plaintiff or his co-executor on account of such agreement, or that they incurred any expenses in connection therewith, or that the attorney Provost was employed by them or rendered any service for which the agreement would furnish an indemnity. All that is said in the complaint upon that subject is that the plaintiff is informed and believes that the agreement " relates to said claim for services " by the attorney. It is, therefore, evident that the most liberal construction of the complaint does not show that the plaintiff is entitled to any exemption from compliance with the decree of the surrogate by reason of the execution of this agreement, and, therefore, in no view is any cause of action stated in this complaint.

The plaintiff is not without a remedy, if he has been wronged. If the attorney improperly retains moneys in his hands which he should pay over to the executor, he can be compelled summarily, by order of the court, upon making proof of the fact, to pay them over; or an action will lie to recover the same. If the services were rendered, and the sum retained by the attorney is a proper charge, and the same was incurred pursuant to the agreement, then the plaintiff has his remedy by action against the parties executing such agreement. But the attempt to maintain this action, in view of the averments of the complaint, is without precedent, and cannot be sustained.

It follows that the interlocutory judgment should be affirmed.

All concurred.

Interlocutory judgment affirmed, with costs, with leave to plaintiff to serve amended complaint within twenty days on payment of the costs of the demurrer and of this appeal.